Johh S. Marsh, J.
The respondent Kronenberg’s, Inc., is a subcontractor of William A. Welsted & Son, a general contractor hired by the several petitioners herein to build homes for them. Concededly Kronenberg’s Inc., has substantial unpaid claims for work and materials delivered to and installed in petitioners ’ homes by the respondent. On August 24, 1961 the respondent duly demanded of the petitioners that they each furnish to it *142 an- itemized, verified statement containing information and accounting in detail for the proceeds of mortgage loans made by each of the petitioners for the improvement of their respective properties, pursuant to the provisions of the Lien Law.
The petitioners have now moved to vacate this demand and the respondent, by cross motion, seeks an order compelling compliance with it. The petitioners urge that as to them the respondent subcontractor is not a trust beneficiary within the meaning of section 76 of the Lien Law because there is no privity of contract between them and the subcontractors of William A. Welsted & Son, the general contractor. However, in the court’s judgment, there is no necessity that there be privity of contract in order to establish the respondent’s position as the beneficiary of the trust funds received by the owners. The Lien Law, by its terms, makes funds in the owner’s hands payable for the improvement of his property trust funds for the benefit and protection of subcontractors and material men as well as for the benefit and protection of the general contractor.
. The court has, therefore, concluded that the respondent is a trust beneficiary holding a trust claim within the intent and meaning of the Lien Law and is entitled thereunder to the statement and accounting demanded by it of the several petitioners. Accordingly, an order may be made and entered, without costs denying the petitioners ’ motion and granting the cross motion of the respondent ICronenberg’s, Inc., for an order directing the petitioners herein, Peter R. Travers and Gertrude Travers, his wife, Raymond V. Wylegala and Barbara L. Wylegala, his wife, Donald Hawkins and Janet Hawkins, his wife, and Frank J. Liddy, Jr., and Patricia Liddy, his wife, to deliver to the respondent Kronenberg’s, Inc., within 10 days of the date of service of a copy of the order herein, a verified statement furnishing the information demanded of them on or about August 24, 1961.